IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM NATHANIEL OLIVER,           § | |
|               Petitioner,           § | |
| § | |
| VS.           § | Civil Action No. 4:14-CV-065-O |
| § | |
| RODNEY W. CHANDLER, Warden,           § | |
| FCI-Fort Worth,           § | |
|               Respondent.           § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, William Nathaniel Oliver, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is serving two concurrent 360-month terms of imprisonment for his 1998 convictions for conspiracy to import and to possess with intent to distribute cocaine in the United States District Court for the Southern District of Florida. Pet., Attach., ECF No. 1. In this § 2241 petition, petitioner claims that he is actually innocent of his sentences because the government did not prove the drug amount or quantity alleged in the indictment as required by the Supreme Court decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). Pet. 5, ECF No. 1.

**II. LEGAL STANDARD**

A motion under 28 U.S.C. § 2255 is the primary means under which a federal prisoner may

collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Petitioner correctly notes that § 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed and must be filed in the district of incarceration, however, contrary to his assertion, his claim does not challenge the manner in which his sentences are being executed, but, instead, attacks the validity of his 360-month sentences. A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. Petitioner has neither alleged nor demonstrated that he can meet this standard.

### III. ANALYSIS

In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Alleyne* concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the

2

mandatory minimum." 133 S. Ct. at 2160. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163. The Supreme Court however has not declared *Apprendi* or *Alleyne* retroactive on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Further, the cases do not decriminalize the conduct for which Petitioner was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). Accordingly, § 2241 is not the proper procedural vehicle for bringing petitioner's claim.

**IV. CONCLUSION**

Because Petitioner may not assert his claim *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction.

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.[1] A certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of April, 2015.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] The issue of limitations raised by Petitioner is not addressed as it is irrelevant to the Court's decision.